THE STATE v. HENRY HESS.

Submitted July 6, 1900—Decided December 29, 1900.

1. Where the entire record of the proceedings had upon the trial has been returned by the defendant with the writ of error, under section 136 of the Revised Crimes act, and the only cause for reversal specified is that judgment passed against the defendant instead of against the state, no other error can be considered.

2. Where defendant was one of a party of four who assaulted an officer, but did not actually strike the officer, yet was present aiding and abetting the attack, he was guilty of assault and battery.

---

On error to the Essex Special Sessions.

*36 Vroom.*                    State v. Hess.

Before DEPUE, CHIEF JUSTICE, and Justices GUMMERE and FORT.

For the state, *Louis Hood.*

For the defendant, *Harry W. Osborne.*

PER CURIAM.

This writ brings up the conviction of Henry Hess in the Essex Special Sessions upon an indictment for assault and battery. The trial upon the indictment was had by the court without a jury, under the provisions of chapter 89 of the act of 1899, which ·permits a person indicted to waive trial by jury and be tried before the Court of Special Sessions. *Pamph. L., p.* 217.

The entire record of the proceedings had upon the trial has been returned by the defendant with the writ of error, under the authority of section 136 of the Revised Crimes act of 1898. The only cause for reversal, however, which is specified in the record is that the judgment and sentence was given and passed against the defendant instead of against the state. No other error, therefore, can be considered on this writ. *Rev. Crimes Act* 1898, § 137.

The proofs in the case, which have been returned with the writ, show that the defendant was one óf a party of four who, on the 25th of February, 1900, brutally beat one Henry Sepel, a police officer of the city of Newark. It was not shown that the defendant actually struck the officer, but it clearly appeared that he was present, aiding and abetting in the attack upon him. He was, consequently, just as guilty of the assault and battery of which he was convicted as if the blows had actually been struck by him.

The judgment should be affirmed.